UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHARON S. HOLMES                                       :
                                                      :        Civil Action No. 08-5198 (JLL)
                                                      :
                        Plaintiff(s),                 :
            v.                                        :
                                                      :
KEVIN HOLMES, ET AL.                                  :
                                                      :
                                                      :
                        Defendant(s).                 :
                                                      :

## REPORT AND RECOMMENDATION

This matter comes before the Court by way of Plaintiff's motion to remand this matter to the Superior Court of New Jersey (Docket Entry No. 2). Defendants opposed Plaintiff's motion. Pursuant to Fed.R.Civ.P. 78, no oral argument was heard. This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons expressed below, I respectfully request that the Court enter an Order granting Plaintiff's motion to remand.

## BACKGROUND

This matter, originally brought several years ago in the Superior Court of New Jersey, Family Division, was commenced "as a divorce action." See Dft. Notice of Removal at P.1. The current dispute among the parties involves the disposition of the proceeds of a life insurance policy owned by Plaintiff's deceased former husband, Kevin J. Holmes. On or about May 9, 2007, Plaintiff Sharon S. Holmes filed a Notice of Motion to Enforce Litigant's Rights ("Motion") in the divorce action. See Dft. Notice of Removal at P.1. Plaintiff's Motion sought, among other things, to join Alona and Avianna Traylor-Holmes, the decedent's second wife and child from his second marriage, as defendants in the suit and Court intervention in the disposition of decedent's life insurance policy.

On May 9, 2007, the Motion was hand-delivered to Alona Traylor-Holmes individually, and served upon Avianna Traylor-Holmes, by hand delivery to her mother, Alona Traylor-Holmes. Plaintiff's Motion was returnable on May 25, 2007. On June 6, 2007, Patrick J. Caserta, Esq., counsel for Alona and Avianna Traylor Holmes ("Defendants"), wrote to the Family Court trial judge acknowledging receipt of the motion and stating that he had "no objection to plaintiff's application to add [his] clients as parties to this action." See Ex. F to Pl. Brief.

On June 27, 2007, the Superior Court entered an Order on Plaintiff's Motion, granting

Plaintiff's request for relief in full, including the joinder of Alona and Avianna Traylor Holmes as defendants.  On July 12, 2007, Defendants filed a Notice of Appeal to the New Jersey Superior Court, Appellate Division.

On May 27, 2008, the Appellate Division entered a decision affirming in part and reversing in part the trial court's Order.  The Appellate Division specifically upheld that portion of the trial court's Order joining Alona and Avianna Traylor-Holmes as Defendants.  The Appellate Division also held that Alona and Avian Traylor-Holmes were "entitled to file an answer after their joinder in the action before the trial court adjudicated plaintiff's claims against them."  Decision at P. 6.  Because the Appellate Division found that Defendants were entitled to file an answer before the Superior Court's June 27, 2007 Order, it is implicit that the Appellate Division construed Plaintiff's Motion to be the initial pleading in the matter.

On September 22, 2008, the parties entered into a Consent Order whereby the parties agreed that Defendants would file a responsive pleading within twenty days of the date of the Order, setting a discovery schedule, and scheduling a plenary hearing for December 2008.

On October 22, 2008, Defendants removed the action to this Court pursuant to 29 U.S.C. § 1441, asserting that the Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the decedent's life insurance policy is governed by ERISA.  Plaintiff now moves before the Court to remand this action to the Superior Court of New Jersey.  In support of her motion, Plaintiff contends that removal was not timely.  Defendants oppose Plaintiff's motion and argue that removal was indeed timely.

**DISCUSSION**

**I. Federal Removal Statutes**

Cases originally brought in state court over which a federal court may also have jurisdiction can be removed pursuant to 28 U.S.C. § 1441.  According to Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district Court of the United States for the district and division embracing the place where such action is pending."  Id. Thus, "[t]o qualify for removal, the cause of action must be a claim of which the district courts of the United States have original jurisdiction."  Penn v. Wal-Mart Stores, 116 F.Supp.2d 557, 561 (D.N.J. 2000).

28 U.S.C. § 1446 sets forth the procedure for the removal of a civil action.  Section 1146(a) states in relevant part that "a defendant or defendants desiring to remove any civil action ... from a state court shall file in the district and division within which such action is pending a notice of removal ... containing a short and plain statement of the grounds for removal." Moreover, Section 1146(b) provides that "the notice of removal of a civil action shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." If the initial pleading does not state a claim that is removable, a notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of a ... motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Id.

The party seeking removal bears the burden of establishing that the notice of removal was

filed in a timely manner.  See Galvanek v. AT&T, Inc., 2007 WL 3256701, *2 (D.N.J. Nov. 5, 2007).  As referenced above, Section 1146 provides a thirty day limitations period for removal and "it is well-established that the thirty day period for removal is mandatory and cannot be extended by the court."  Id.  Courts are required to construe removal statutes strictly and all doubts must be resolved in favor of remand.  See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).  An action may be remanded on the ground of a defect in the removal procedure, including a failure to file a notice of removal within the thirty-day limitations period.  See 28 U.S.C. 1447(c); Galvanek, 2007  WL 3256701 at *2.

**II. Timeliness of Removal**

The Court is persuaded that the removal period in this matter was triggered when Defendants were served with Plaintiff's Motion, or at a minimum, when Defendants' were joined as parties to this action.  Accordingly, the time period for removal began, at the latest, on June 27, 2007.

Plaintiff's Motion, served on Defendants on May 9, 2007, set forth in detail the relief sought in this matter.  Plaintiff's Motion adequately states the necessary facts to allow the Defendants to "intelligently ascertain removability" of the action to federal court. See Manufacturers and Traders Trust Co., 434 F.Supp. 1053.  Plaintiff's Motion thus qualifies as an initial pleading or, alternatively, as a motion from which it may be ascertained that the case is one which is removable.  See Groh v. Groh, 889 F.Supp. 166, 170 (D.N.J. 1995).  Plaintiff's Motion was hand-delivered to the Defendants on May 9, 2007.

Defendants' counsel consented to his clients' joinder on June 9, 2007.  This brought Defendants under the jurisdiction of the trial court such that they could be reasonably expected to timely exercise their rights to removal.  In addition, on June 27, 2007, the trial court entered an Order joining Alona and Aviana Traylor-Holmes as Defendants in the action.  This Order was specifically upheld by the Appellate Division, which essentially treated Plaintiff's Motion as an initial pleading to which an answer was required.  Accordingly, by June 27, 2007, Alona and Avianna Traylor-Holmes formally became Defendants in this matter.  Coupled with their receipt of Plaintiff's Motion, the Undersigned concludes that the time period for removal began, at the latest, on June 27, 2007.

Defendants' argument that they would not have entered into a subsequent 2008 Consent Order allowing for the filing of a responsive pleading in the Superior Court is of no moment to the issue of whether this matter was removable in 2007.  Whatever Defendants' intentions may be, this Court is bound by the removal statutes and applicable caselaw, which require removal within thirty days from service of the initial pleading or otherwise sufficient motion.

Defendants' filed their notice of removal, over one year after they were served with the Motion setting forth adequate notice of removal and over one year after counsel consented to their joinder as Defendants to this action.  At that point, the case had been litigated in both the Superior Court and the Appellate Division, with both Courts issuing substantive decisions on the disputed issues in this case.  Interpreting the removal statutes strictly, and resolving all doubts in favor of remand, the Undersigned respectfully recommends that Plaintiff's motion to remand be granted.

## CONCLUSION

In light of the foregoing, it is respectfully recommended that Plaintiff's motion to remand be granted.


 *s/ Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**
**Dated: June 9, 2009**