NOT FOR PUBLICATION

# CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHARON S. HOLMES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 08-5198 (JLL) |
| | ) | |
| KEVIN HOLMES, ET AL. | ) | **O R D E R** |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**LINARES, District Judge.**

This matter comes before the Court on the Report and Recommendation [CM/ECF #6] of the Hon. Claire C. Cecchi, U.S.M.J., on the motion to remand [CM/ECF #2] of Plaintiff Sharon S. Holmes.  No oral argument was heard.  Fed. R. Civ. P. 78.

As this Court writes solely for the parties, no detailed summary of the facts and procedural posture of this case is necessary.  Essentially, this action began as a divorce proceeding in New Jersey Superior Court, Family Divison, and the instant dispute concerns life insurance proceeds of Plaintiff's former husband.  Plaintiff sought to join Defendants Alona and Arianna Traylor-Holmes ("Defendants"[1]) via a Family Division motion in order to adjudicate the life insurance policy.  Defendants consented to joinder

---

[1]No representative of the estate of Kevin Holmes has entered an appearance, so the Court will refer to the Traylor-Holmeses as the Defendants in this Order.

1

in the Superior Court action on June 6, 2007, and the Family Division granted the joinder
motion on June 27, 2007.

The case proceeded to the Appellate Division of the Superior Court on appeal.
The Appellate Division ruled that Defendants were properly joined by the Family Court
on June 27, 2007, and the parties agreed on September 22, 2008, that Defendants would
file a responsive pleading within twenty days.  Defendants instead filed their notice of
removal to this Court on October 22, 2008.

## DISCUSSION

When the magistrate judge addresses motions that are considered "dispositive,"
such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and
Recommendation to the district court.  See 28 U.S.C. § 636(b)(1)(A), (B); Fed. R. Civ. P.
72; L. Civ. R. 72.1(a)(2).  The district court may then "accept, reject or modify, in whole
or in part, the findings or recommendations made by the magistrate judge. . . .  The judge
may also receive further evidence or recommit the matter to the magistrate judge with
instructions." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2).  Unlike an
Opinion and Order issued by a magistrate judge, a Report and Recommendation does not
have force of law unless and until the district court enters an order accepting or rejecting
it. See, e.g., United Steelworkers of Am. v. N. J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d
Cir. 1987).

With respect to dispositive motions, the district court must make a de novo
determination of those portions of the magistrate judge's Report to which a litigant has
filed an objection.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); L. Civ. R.
72.1(c)(2); see also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J.

2002); Zinberg v. Washington Bancorp, Inc., 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a de novo review of the parts of the report to which the parties object).

Defendants object to the Report and Recommendation of the Magistrate Judge on the basis that there was no cause of action pending against them prior to the filing of an amended complaint by the Plaintiff. (Objection at 1.) Defendants seek a rejection of the Report and Recommendation or, at worst, as stay of the remand while the issue is pursued in the Appellate Division of the Superior Court of New Jersey. (Id. at 1-3.)

This Court notes that Defendants freely admit that they have failed to find any authority for their position that they could not have removed immediately after being joined in this case by the Family Division. (Id. at 3.) The legal argument propounded by Defendants is that their right to remove was predicated upon a complaint asserting a cause of action against them, and no such cause of action against Defendants existed as of June 27, 2007. (Id.)

The Report and Recommendation calls for remand based on the fact that Defendants could have ascertained that the case was removable on June 27, 2007, when they were joined by the Family Division. (R&R at 3.) This Court agrees. The removal procedure itself comprehends removal upon filing of a court order making a case removable:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

3

28 U.S.C. § 1446(b).  The Supreme Court teaches that the removal statutes are to be strictly construed so as not to trample on the jurisdiction of state courts.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).  Although it is possible that Defendants could have removed when served with the motion to join them, it is certain that when actually joined in an action where original, 28 U.S.C. § 1331 jurisdiction existed due to the connection of the case with federal ERISA law, Defendants could have ascertained that removal was an option.  28 U.S.C. § 1446(b).  The last possible date upon which the thirty-day removal period started, therefore, was on June 27, 2007, making Defendants' removal on October 22, 2008 untimely as a matter of law.

For the reasons set forth herein,

**IT IS** on this ___29th___ day of June, 2009,

**ORDERED** that Defendants objections to the Report and Recommendation are hereby OVERRULED; and it is further

**ORDERED** that the Report and Recommendation [CM/ECF #6] is ADOPTED; and it is further

**ORDERED** that this matter is REMANDED to the Superior Court of New JERSEY; and it is further

**ORDERED** that the Clerk's Office administratively close this case.



_____
Jose L. Linares
United States District Judge

4